IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIKE D. RUSSELL,<br><br>            Plaintiff,<br><br>v.<br><br>JOHN DOE, *Warden*,<br>MAJOR ROLAND,<br>C/O KOESFRA, and<br>C/O JOHN DOE,<br><br>            Defendants. | Case No. 24-cv-02314-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Mike Russell, who is currently in custody at Cook County Jail, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while incarcerated at Menard Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

    Plaintiff alleges in the fall of 2022, he was housed at Menard Correctional Center in North 1 Cellhouse, C-Wing in the "drug program." (Doc. 1, p. 2). Warden John Doe and Major Roland oversaw the drug program and its participants. Plaintiff alleges that for several weeks, the inmates on C-Wing were not provided "sanitation." He describes lack of sanitation as not being provided cleaning supplies such as brooms and mops and having "no trash procedures." The participants in

the drug program, including Plaintiff, filed grievances about the situation. (*Id.*).

Eventually, Warden John Doe and Major Roland visited C-Wing and informed the inmates that they had received the grievances. (Doc. 1, p. 2). Plaintiff states that the inmates were informed that they were not allowed to have inmate sanitation workers and that Correctional Officer Koesfra, who worked first shift, and Correctional Officer John Doe, who worked second shift, were to "do sanitation" at the end of their shifts. Several more weeks passed, however, "without sanitation." A horrible smell developed in C-Wing, and rodents, roaches, bugs, and trash accumulated. The rodents and bugs infested Plaintiff's bed and commissary box. Plaintiff and the other inmates complained and wrote grievances to Warden John Doe and Major Roland about Correctional Officers Koesfra and John Doe not performing sanitation procedures at the end of their shifts. The inmates requested that a participant in the drug program be assigned as an inmate sanitation worker to help with the problem. (*Id.*).

An unknown staff member came to C-Wing and threatened the inmates. (Doc. 1, p. 2). The staff person told the inmates that if they did not stop writing grievances, then the drug program would be terminated, and the inmates would be removed from C-Wing. Plaintiff complained to Koesfra and Correctional Officer John Doe about the bug and rodent infestation because they would not pick up the trash or "do sanitation." (*Id.* at p. 3). Koesfra and Correctional Officer John Doe began to harass Plaintiff and tamper with his food and serve his food cold after telling him that "this is what happen[s] when you cry and complain." (*Id.*).

At some point in October or November 2022, Plaintiff reached into his commissary box and was bitten by a rat. (Doc. 1, p. 3). Plaintiff called for help. Correctional Officer John Doe arrived and retrieved medical attention for Plaintiff. That evening, Plaintiff's hand became swollen and turned a "greenish bluish purplish" color. Plaintiff was given a tetanus shot and antibiotics. (*Id.*).

Plaintiff and the other participants continued to write grievances, and Plaintiff complained to mental health staff members about the conditions. (Doc. 1, p. 3). As a result, Plaintiff and all the other participants in the drug program were "kicked-off" of C-Wing in retaliation for complaining about the conditions of their cells. (*Id.*).

Plaintiff states an exterminator visited and sprayed C-Wing in the fall of 2022, but the exterminator only treated the common areas and the "guard areas." (Doc. 1, p. 3). This did not improve the situation and only caused the rodents and bugs to retreat to the cells, which were not sprayed by the exterminator. (*Id.*).

### DISCUSSION

Based on the allegations in the Complaint, the Court designates the following counts:

**Count 1:**   Eighth Amendment claim against Warden John Doe, Major Roland, Correctional Officer Koesfra, and Correctional Officer John Doe for failing to provide Plaintiff safe and sanitary living conditions in the fall of 2022.

**Count 2:**   First Amendment claim against Warden John Doe, Major Roland, Correctional Officer Koesfra, and Correctional Officer John Doe for retaliating against Plaintiff for complaining and filing grievances regarding his unsafe and unsanitary living conditions in the fall of 2022.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Count 1

Plaintiff has sufficiently stated a claim against Defendants for unconstitutional conditions of confinement, and Count 1 will proceed against Warden John Doe, Major Roland, Correctional

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Officer Koesfra, and Correctional Officer John Doe. *See Gray v. Hardy,* 826 F. 3d 1000, 1005-1006 (7th Cir. 2016).

### Count 2

Plaintiff asserts that because he filed grievances and complained about the unsanitary and unsafe living conditions, Warden John Doe and Major Roland removed Plaintiff from the drug program and C-Wing, and Koesfra and Correctional Officer John Doe harassed him and tampered with his food. Based on these allegations, Count 2 will proceed as pled. *See Manuel v. Nalley,* 966 F.3d 678, 680 (7th Cir. 2020) ("A prison official may not retaliate against an inmate because he filed grievances under the First Amendment.").

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNTS 1** and **2** shall proceed against Warden John Doe, Major Roland, Correctional Officer Koesfra, and Correctional Officer John Doe. The Clerk of Court is **DIRECTED** to **ADD** Warden Anthony Wills as a defendant in his official capacity only for the purpose of responding to discovery aimed at identifying the John Doe Defendants.

The Clerk of Court shall prepare Warden John Doe and Correctional Officer John Doe (once identified), Major Roland, Correctional Officer Koesfra, and Warden Wills (official capacity only) the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint (Doc. 1) and this Memorandum and Order to each defendant's place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal

Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

With the exception of Warden Wills, Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 31, 2025**

                                                              *s/Stephen P. McGlynn*
                                                              **STEPHEN P. MCGLYNN**
                                                              **United States District Judge**

NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.